Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Annie Aboulian (SBN 280693)
annie@donigerlawfirm.com
**DONIGER / BURROUGHS APC**
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile: (310) 417-3538

Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

FILED 12 JUL 30 PM 2:58

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

A.V.E.L.A., INC., a Nevada Corporation; ARTNOSTALGIA.COM, INC., a Delaware Corporation; X ONE X MOVIE ARCHIVE, INC., a Delaware Corporation, LEO VALENCIA, an Individual; FUNKO, LLC, a Washington Corporation; TOYS "R" US, INC., a Delaware Corporation individually and doing business as "TOYS "R" US"; GEOFFREY, LLC, a Delaware Corporation individually and doing business as "TOYS "R" US"; ENTERTAINMENT EARTH, INC., a California Corporation; SMERALDI

Case No. CV12-06546 SJO(RZx)

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT;

3. VIOLATIONS OF LANHAM ACT
(15 U.S.C. 1125)

4. STATE TRADE DRESS INFRINGEMENT

5. STATE TRADEMARK INFRINGEMENT

6. STATE UNFAIR COMPETITION

Jury Trial Demanded

- 1 -

ENTERPRISES, a Business Entity of Form Unknown, individually and doing business as "WWW.MYMOVIEMONSTERS.COM"; AMAZON.COM, INC., a Washington Limited Liability Company; and DOES 1-10,

Defendants.

Plaintiff SUSAN NICHOLSON HOFHEINZ (hereinafter "SUSAN"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

Plaintiff SUSAN is, amongst other things, the exclusive owner of the rights in and to a group of creepy horror films from the 1950s. One of these films is INVASION OF THE SAUCER-MEN (hereinafter "Film"), a cult classic that revolves around a fatal (or is it?) accident in which an alien falls prey to the fender of an automobile piloted by a pair of amorous teenagers. A beer-drinking bull, an eccentric farmer, and a detached, yet animated, limb all contribute to the unique appeal of this film; but, one of the – if not the – most important elements of the film are the titular Saucer-Men themselves. Indeed, filmgoers young and old have thrilled to and been kept up at night by the specter of the diabolical Saucer-Men and their extravagant weaponry, and the stylized and frightening appearance of the Saucer-Men is wildly unique, providing many hair-raising and spooktacular moments throughout the film.

Defendant A.V.E.L.A., Inc. (along with its affiliated entities) is a serial litigant, alleged to have ripped off numerous entertainment properties, that also markets and

sells novelty items and other merchandise. In the case at bar it has marketed, distributed, and sold merchandise that exploits without authorization content from and related to the Film, including without limitation novelty items that depict the Saucer-Men. This action is brought to remedy this out-of-this-world misconduct.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.* and the Lanham Act.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and ancillary jurisdiction, to the extent necessary, over the remaining claims.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff SUSAN is an individual residing in Southern California.

5. Plaintiff is informed and believes and thereon alleges that Defendant AVELA is a corporation organized and existing under the laws of the Nevada and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant ArtNostalgia.com, Inc. is a corporation organized and existing under the laws of the Nevada and is doing business in and with the State of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant X One X Movie Archive, Inc. is a corporation organized and existing under the laws of the Nevada and is doing business in and with the State of California.

8. Plaintiff is informed and believes that ArtNostalgia.com, Inc., X One X Movie Archive, Inc. and A.V.E.L.A., Inc. share common ownership and/or interest, are alter egos, affiliates, and/or relations of one another, and conspired to engage in

the conduct discussed herein. They will be referred to collectively as "AVELA" in these papers.

9. Plaintiff is informed and believes and thereon alleges that Defendant Leo Valencia ("Valencia") is an individual doing business in and with the State of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant FUNKO, LLC ("FUNKO") is a Washington Corporation doing business in and with the State of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant TOYS "R" US, INC. is a Delaware Corporation doing business individually and as "TOYS "R" US," and that GEOFFREY, LLC, is a Delaware Corporation doing business individually and as "TOYS "R" US," in and with the State of California (collectively "TOYRS "R" US").

12. Plaintiff is informed and believes and thereon alleges that Defendant ENTERTAINMENT EARTH, INC. ("EEI") is a California Corporation doing business in and with the State of California.

13. Plaintiff is informed and believes and thereon alleges that Defendant SMERALDI ENTERPRISES is a business entity of form unknown, and is doing business individually and as WWW.MYMOVIEMONSTERS.COM, (collectively "SMERALDI") in and with the State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant AMAZON.COM, INC. ("AMAZON") is a Washington Limited Liability Company doing business in and with the State of California.

15. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of product to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying materials and

other product exploiting the Film without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

16. Defendants DOES 6 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's rights, have contributed to the infringement of Plaintiff's rights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

17. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO INVASION OF THE SAUCER-MEN**

18. Plaintiff is the exclusive owner and copyright holder for the Film and certain if not all of its marketing materials.

19. The Film and its marketing materials were published prior to the acts alleged herein.

20. Plaintiff is informed and believes that Defendants, and each of them, took access to and received the Film and its marketing materials prior to the acts alleged therein.

21. Plaintiff's is informed and believes that Defendants, and each of them, were manufacturing or having manufactured, marketing, distributing, and selling merchandise that exploits the content and characters from the Film ("Accused Product").

22. Specifically, without limitation, Plaintiff is informed and believes and thereon alleges that AVELA provided a false license and/or authority to exploit the Film's material to FUNKO, and otherwise collaborated and conspired with FUNKO to create or have the Accused Product created, after which it was sold by AVELA and/or FUNKO to and through TOYS "R" US, EEI, SMERALDI, AMAZON and DOE Defendants.

23. The above-alleged conduct was not authorized by Plaintiff, and is in violation of Plaintiff's rights as the exclusive owner of the Film.

24. One exemplar of the Accused Product originating from Defendants, and each of them, is set forth below. On the left is an exemplar of the marketing material for the Film, depicting the evil and eponymous Saucer-Men (along with what appears to be a pair of flying vehicles and a damsel who is very much in distress). On the right is a "Wacky Wobbler" (viz., a bobble-head) that was marketed and sold by Defendants, and each of them:

///

///



25. The Films' marketing materials depict the Saucer-Men as they appear in the Film. A comparison of the above image makes clear that Defendants', and each of their, "Wacky Wobbler" product is substantially similar to the Saucer-Men from the Film, right down to the wicked-looking blade instrument clutched in the Saucer-Man's veiny claw. This violates Plaintiff's copyrights in the Film.

26. In addition, the Accused Product violates SUSAN's trademark and trade dress rights in its use of the name of the Film and certain material from the Film and/or its marketing on the Accused Product's packaging.

27. Defendants, nor any of them, ever obtained from SUSAN permission to exploit in any way the Film, its characters, or its marketing materials.

28. Plaintiff is informed and believes and thereon alleges that Valencia was personally involved in the acts of infringement alleged herein, and/or is an alter ego or proxy for the companies alleged to have committed the injurious misconduct.

29. Plaintiff contacted AVELA to provide notice of the claims alleged herein, and request a cessation of the infringing conduct, but an adequate response was not received.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

30. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Film, which was first released in theaters in the 1950s.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, misappropriated content from the Film to create, or have created, products that are substantially similar to certain of the material encompassed in the Film.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Film and by producing, distributing and/or selling product that infringes the Film through a nationwide network of retail stores and on-line outlets.

34. Plaintiff is further informed and believes, and thereon alleges, that Defendants, and each of them, created unlawful derivative works that were based on the Film, and sold said works in commerce.

35. The above-stated acts by Defendants, and each of them, violated Plaintiff's exclusive right to create derivative works from Film and its exclusive right to distribute and sell product related to the Film's material.

36. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

37. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of the Film. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Film in an amount to be established at trial.

38. Plaintiff is informed and believes and thereon alleges that the infringement of the content from the Film by Defendants, and each of them, was willful, with knowledge, reckless, and/or in blatant disregard for SUSAN's rights as a copyright holder for the Film, and as such, Defendants, and each, are liable for willful, exemplary and enhanced statutory damages of up to and including one hundred and fifty thousand dollars and/or a preclusion from deducting certain costs relevant to disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants, and Each)

39. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

40. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of the Accused Product as alleged hereinabove.

41. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

42. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as

1 well as additional general and special damages in an amount to be established at
2 trial.
3     43. Due to Defendants' acts of copyright infringement as alleged herein,
4 Defendants, and each of them, have obtained direct and indirect profits they would
5 not otherwise have realized but for their infringement of the Film. As such, Plaintiff
6 is entitled to disgorgement of Defendants' profits directly and indirectly attributable
7 to Defendants' infringement of the Film, in an amount to be established at trial.
8     44. Plaintiff is informed and believes and thereon alleges that the infringement
9 of the content from the Film by Defendants, and each of them, was willful, with
10 knowledge, reckless, and/or in blatant disregard for SUSAN's rights as a copyright
11 holder for the Film, and as such, Defendants, and each, are liable for willful,
12 exemplary and enhanced statutory damages of up to and including one hundred and
13 fifty thousand dollars and/or a preclusion from deducting certain costs relevant to
14 disgorgeable profits.

### THIRD CLAIM FOR RELIEF

**(Violations of Lanham Act (15 USC § 1125) – Against all Defendants, and Each)**

18     45. Plaintiff repeats, realleges and incorporates herein by reference as though
19 fully set forth the allegations contained in the preceding paragraphs of this
20 Complaint.
21     46. Plaintiff is informed and believes and thereon alleges that Defendants, and
22 each of them, are passing off the Accused Product under the name INVASION OF
23 THE SAUCER-MEN, and in packaging similar to and evoking that used in the Film
24 and its marketing materials, in interstate commerce.
25     47. Plaintiff is informed and believes and thereon alleges that the passing off
26 by Defendants, and each of them, of Accused Product under the name INVASION
27 OF THE SAUCER-MEN causes consumer confusion as to the source of the Accused

Product and falsely implies a sponsorship or association between the Film and the Accused Product and/or the Defendants, and each of them.

48. Plaintiff is informed and believes and thereon alleges that the passing off by Defendants, and each of them, of Accused Product under the name INVASION OF THE SAUCER-MEN misrepresent the nature, characteristics, and qualities of the Accused Product, as the Accused Product is not authorized product, and the packaging of the Accused Product is confusingly similar to the content in the Film and its marketing materials.

49. The above misstatements and deceptions by Defendants, and each of them, were material, and resulted in harm and damages to Plaintiff in an amount to be established at trial.

50. Plaintiff has no adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(d).

51. Plaintiff is entitled to recover its actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

## FOURTH CLAIM FOR RELIEF

**(Trade Dress Infringement in Violation of California Business and Professions Code Section 14245 – Against All Defendants, and Each)**

52. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

53. Defendants' unauthorized use of material from the Film and its marketing materials in connection with the sale, offering for sale, distribution or advertising of its products is likely to cause confusion or mistake or to deceive as to the source or

origin of its products in violation of California Business and Professions Code Section 14245.

54. On information and belief, Defendants', and each of their, infringement has been with knowledge of Plaintiff's rights.

55. Plaintiff has been, is now, and will be irreparably injured and damaged by Defendants' aforementioned acts, and unless enjoined by the Court, Plaintiff will suffer further harm to its name, reputation and goodwill.

### FIFTH CAUSE OF ACTION

**(Trademark Infringement under Cal. Bus. & Prof. Code § 17200 and California Common Law against all Defendants)**

56. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

57. Defendants', and each of their, use of the Film's name, without Plaintiffs' consent, constitutes trademark infringement and unfair competition in violation of California common law, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the products offered by Defendants.

58. The acts of Defendants complained of herein constitute trademark infringement and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the products offered by Defendants. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of Plaintiff's trademark and trade dress, and injury to Plaintiff's reputation that

cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce material from the Film or its marketing materials.

59. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

## SIXTH CAUSE OF ACTION

**(California Unfair Competition under Cal. Bus. & Prof. Code § 17200 and California Common Law against All Defendants)**

60. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

61. By the actions alleged above, Defendants have engaged in false designation of origin and unfair competition in violation of the statutory law of the State of California, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, by entering products into the stream of commerce, which deceived and confused members of the public as to the origin of their goods. Plaintiff is informed and believes that unless said conduct is enjoined by this Court, Defendants will continue and expand those activities to the continued and irreparable injury of Plaintiff. This injury includes a reduction in the distinctiveness of the Film and injury to Plaintiff's reputation that cannot be remedied through damages, and Plaintiff has no adequate remedy at law. Plaintiff is entitled to preliminary and permanent injunctions restraining and enjoining Defendants and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce content from the Film.

62. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief and judgment as follows:

### Against All Defendants

1. <u>With Respect to Each Claim for Relief</u>
    a. That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;
    b. A disgorgement of profits and other damages arising from such infringement, pursuant to 15 U.S.C. § 1117, and award all damages called for therein;
    c. An award of actual damages sustained by Plaintiff;
    d. That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*, 17 U.S.C. § 1202, and 15 U.S.C. § 1117;
    e. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;
    f. An injunction against continued infringement of Plaintiff's trade dress and trademark, pursuant to Cal Bus & Prof Code § 14245;
    g. An order directing Defendants to file with the court and serve on Plaintiff a report setting forth an accounting and the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

h. That Plaintiff be awarded pre-judgment interest as allowed by law;

i. That Plaintiff be awarded the costs of this action;

j. That Plaintiff be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendant, on account of Defendant's willful violation of Federal, California, and common law; and declaring this case to be an exceptional case within the meaning of 15 U.S.C. § 1117;

k. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

l. That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any material from the Film or its marketing materials, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any of them, and any third parties, and all profits, monies, royalties, and any other benefits derived or obtained by Defendants, or any of them, from the wrongful ownership, use, purchase, sale, distribution, licensing, or exploitation of Plaintiff's works of art.

A <u>TRIAL BY JURY</u> PURSUANT TO FED. R. CIV. P. 38 AND CONSTITUTIONAL AMENDMENT SEVEN IS HEREBY DEMANDED.

Respectfully submitted,

Dated: July 30, 2012        By: _____

Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
SUSAN NICHOLSON HOFHEINZ

- 15 -

Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
DONIGER / BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN NICHOLSON HOFHEINZ, an Individual, <br><br> PLAINTIFF(S) <br> v. <br> A.V.E.L.A., INC., a Nevada Corporation; et al., <br> [SEE ATTACHED "SCHEDULE A"] <br><br> DEFENDANT(S). | CASE NUMBER <br><br> CV12-06546 SJO (RZx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __SCOTT A. BURROUGHS, ESQ.__, whose address is __DONIGER / BURROUGHS APC, 300 Corporate Pointe, Ste. 355, Culver City, CA 90230__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUL 3 0 2012

Dated: _____

Clerk, U.S. District Court

**JULIE PRADO**

By: _____
    Deputy Clerk
                        1154
*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## "SCHEDULE A"

SUSAN NICHOLSON HOFHEINZ, an Individual,

Plaintiff,

v.

A.V.E.L.A., INC., a Nevada Corporation; ARTNOSTALGIA.COM, INC., a Delaware Corporation; X ONE X MOVIE ARCHIVE, INC., a Delaware Corporation, LEO VALENICA, an Individual; FUNKO, LLC, a Washington Corporation; TOYS "R" US, INC., a Delaware Corporation individually and doing business as "TOYS "R" US"; GEOFFREY, LLC, a Delaware Corporation individually and doing business as "TOYS "R" US"; ENTERTAINMENT EARTH, INC., a California Corporation; SMERALDI ENTERPRISES, a Business Entity of Form Unknown, individually and doing business as "WWW.MYMOVIEMONSTERS.COM"; AMAZON.COM, INC., a Washington Limited Liability Company; and DOES 1-10,

Defendants.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Susan Nicholson Hofheinz

**DEFENDANTS**
A.V.E.L.A, Inc.; et al.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Scott A. Burroughs, Esq. (SBN 235718)
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355   Telephone: (310) 590-1820

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Inter alia, 17 USC 501. Infringement of rights in filmed material.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV12-06546

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Susan Nicholson Hofheinz - Riverside County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| SMERALDI ENTERPRISES, WWW.MYMOVIEMONSTERS.COM - Riverside County; LEO VALENCIA - Unknown | A.V.E.L.A., INC., ARTNOSTALGIA.COM, INC., X ONE X MOVIE ARCHIVE, INC. - Nevada; FUNKO, LLC, AMAZON.COM, INC. - Washington; TOYS "R" US, INC., GEOFFREY LLC - New Jersey |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County; Riverside County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____, Attorney for Plaintiff Date 7/30/12

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge S. James Otero and the assigned discovery Magistrate Judge is Ralph Zarefsky.

The case number on all documents filed with the Court should read as follows:

**CV12- 6546 SJO (RZx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY